# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Daniel Schur, Halton Bagley, Natosha Alves, Steven Black, Manolo Borja, Robert Bosco, Adam Bowers, Stephen Brodie, Neah Brooks, Dennis Crimmins, Gianfranco Cuello, Travis DiLello, Scott Hirshan, Matthew Hunter, Michael Ianniello, Ryan Kerr, Irvin Moonassar, Jerry Noel, Michael Nweme, John Papanicolaou, Ryan Parker, Robert Purtill, Kenneth Rothman, Jaclyn Smith, Ruben Sosa, Phil Stein, Samuel Tanner, and John Tesoriero (collectively the "Claimants"), on the one hand, and Strategic Financial Solutions, LLC, Strategic Consulting, LLC, Ryan Sasson, and Kim Celic (collectively, the "Respondents" and together with Claimants, the "Parties"), on the other hand;

**WHEREAS,** Daniel Schur commenced an action against the Respondents in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 17-cv-00546 (PGG) (the "Action") by filing a Class and Collective Action on January 25, 2017 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS,** on February 14, 2017, Halton Bagley opted into the Action;

**WHEREAS,** Respondents filed an Answer to Complaint on March 22, 2017 denying allegations in the Complaint;

**WHEREAS,** on February 15, 2018, Judge Paul G. Gardephe granted Respondents' motion to compel arbitration and stayed all proceedings in the Action pending the outcome of arbitration;

**WHEREAS,** on March 1, 2018, Daniel Schur and Halton Bagley commenced an arbitration against Respondents with JAMS (the "Arbitration") by submitting a Demand For Class and Collective Action Arbitration dated March 1, 2018 to JAMS (the "Demand for Arbitration") alleging violations of the FLSA and NYLL;

**WHEREAS**, Respondents served an Answer To Demand For Arbitration/Statement Of Claim dated March 22, 2018, denying allegations in the Demand for Arbitration;

**WHEREAS**, the Parties agreed to a Stipulation And Order For Collective Action Notice pursuant to which Respondents retained their right to move to decertify the proposed FLSA Collective at a later time;

**WHEREAS**, Natosha Alves, Steven Black, Manolo Borja, Robert Bosco, Adam Bowers, Stephen Brodie, Neah Brooks, Dennis Crimmins, Gianfranco Cuello, Travis DiLello, David Hertgen, Scott Hirshan, Matthew Hunter, Michael Ianniello, Ryan Kerr, Irvin Moonassar, Jerry Noel, Michael Nweme, John Papanicolaou, Ryan Parker, Robert Purtill, Kenneth Rothman, Jaclyn Smith, Ruben Sosa, Phil Stein, Samuel Tanner, and John Tesoriero subsequently opted into the Arbitration.

**WHEREAS**, David Hertgen withdrew from the Arbitration by signing a Withdrawal Of Consent To Join Collective Action dated October 29, 2019;

**WHEREAS**, on January 6, 2020, the Parties attended a full-day mediation with mediator Ruth Raisfeld, Esq.;

**WHEREAS**, subsequent settlement discussions were held with and without the assistance of mediator Ruth Raisfeld, Esq., which ultimately led to the Parties reaching an agreement in principle to settle the Action;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation and/or arbitration;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Claimants' claims, Respondents' defenses, and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

2

1.      In consideration of the payment collectively to Claimants collectively by Respondents of the gross sum of Two Hundred Ninety Nine Thousand Dollars and Zero Cents ($299,000.00) (the "Settlement Amount"), Daniel Schur, Halton Bagley, Natosha Alves, Steven Black, Manolo Borja, Robert Bosco, Adam Bowers, Stephen Brodie, Neah Brooks, Dennis Crimmins, Gianfranco Cuello, Travis DiLello, Scott Hirshan, Matthew Hunter, Michael Ianniello, Ryan Kerr, Irvin Moonassar, Jerry Noel, Michael Nweme, John Papanicolaou, Ryan Parker, Robert Purtill, Kenneth Rothman, Jaclyn Smith, Ruben Sosa, Phil Stein, Samuel Tanner, and John Tesoriero hereby each release and forever discharge Strategic Financial Solutions, LLC, Strategic Consulting, LLC, Ryan Sasson, Kim Celic, and each of Strategic Financial Solutions, LLC's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Strategic Consulting, LLC's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Ryan Sasson's heirs, executors, administrators, agents, successors, and assigns, and each of Kim Celic's heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by any of the Respondents, anyone alleged by any of the Claimants to be an "employer" during their alleged employment with any of the Respondents, each of Strategic Financial Solutions, LLC's predecessors, successors, parent companies, holding companies, and subsidiaries, and each of Strategic Financial Solutions, LLC's predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Respondents, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Claimants, their heirs, executors, administrators, agents, successors, and assigns

have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, and statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by any of the Claimants in this Action, any and all claims alleged by any of the Claimants in this Arbitration, any and all wage and hour claims relating to services performed by any of the Claimants on the behalf of any of the Releasees, and any and all wage and hour claims relating to Claimants' alleged employment with any of the Releasees. The releases in this Agreement expressly exclude claims that cannot be released by law and claims to vested benefits, workers' compensation, or unemployment benefits.

2.      The Parties agree to work to effectuate approval of the settlement and dismissal of the Action. To that end, in conjunction with the preparation of this Agreement, Claimants' counsel will prepare a Joint Motion for Approval of FLSA Settlement and will provide it to Respondents' counsel for review, comment, or revisions. The Joint Motion will be filed with the Court within seven (7) days after: (a) Respondents' counsel's receipt of this Agreement executed by all Parties; and (b) Respondents' counsel's receipt of the fully signed "Stipulation of Dismissal with Prejudice" in the form annexed hereto as **Exhibit A**, to be held in escrow and filed with the Court upon full payment of the Settlement Amount. The Joint Motion shall seek the entry of an Order approving the terms of this Agreement, including the release of the Claimants' claims and approving the payment of

4

attorneys' fees and costs, and dismissing the Action with prejudice, with each party to bear its own costs and attorney's fees except as otherwise stated in this Agreement, and expressly retaining jurisdiction to enforce the terms of the Agreement. The Parties agree to cooperate with one another and execute any additional documents which may be necessary to secure dismissal of the Action with prejudice. In the event this Agreement is not approved by the Court, this Agreement will no longer have any effect and the Parties will return to their respective positions immediately prior to the execution of this Agreement. If the Court does not approve any particular provision in this Agreement, the parties may (but are under no obligation to) agree to sever or modify any such provision and resubmit the Agreement to the Court for approval. In the event this Agreement is not approved by the Court on or before December 31, 2020, Respondents have the option to extend the deadline to make any such payment due for up to thirty (30) additional days.

3.      The Parties agree that the first installment of the settlement payment, which comprises of fifty percent (50%) of the Settlement Amount shall be paid within the later of (a) thirty (30) days after the date the Court approves the settlement; (b) thirty (30) days after the date JAMS and/or Arbitrator Michael Young confirms that Claimants' Arbitration was withdrawn with prejudice as discussed below; and (c) twenty one (21) days after Respondents' counsel's receipt of a Form W-9 from each of the Claimants and from Claimants' counsel. The Parties agree that the second installment of the settlement payment, which comprises of fifty percent (50%) of the Settlement Amount shall be paid within thirty (30) days of Respondents' payment of the first installment of the Settlement Amount.

4.      The two (2) installments of the Settlement Amount shall be distributed as follows:

A.      The gross sum of One Hundred Sixty Nine Thousand Four Hundred Forty Dollars and Sixty Three Cents ($169,440.63) shall be paid collectively to Claimants in two (2) installments as allocated in the "Settlement Share" columns of **Exhibit B**

attached to this Agreement, with fifty percent (50%) designated as alleged unpaid wages, subject to all applicable tax withholdings and deductions, and reported on a Form W-2 and fifty percent (50%) designated as payment for alleged liquidated damages and penalties, and reported on a Form 1099.  Respondents agree to collectively pay each Claimant their portion of the Settlement Amount as set forth in the "Settlement Share" columns of **Exhibit B** in two (2) installments via checks made payable to that Claimant and delivered to Stephan Zouras, LLP.

B.     The total sum of Fourteen Thousand Dollars and Zero Cents ($14,000.00) shall be paid collectively to Daniel Schur and Halton Bagley in two (2) installments as allocated in the "Service Payment" columns of **Exhibit B** attached to this Agreement.  Such service payments shall be paid to Daniel Schur and Halton Bagley in recognition of their efforts in assisting Claimants' counsel with the prosecution of the Lawsuit and Arbitration and shall be reported on a Form 1099.  Respondents agree to collectively pay Daniel Schur and Halton Bagley their portion of the Settlement Amount as set forth in the "Service Payment" columns of **Exhibit B** in two (2) installments via checks made payable to "Daniel Schur" and "Halton Bagley" respectively and delivered to Stephan Zouras, LLP; and

C.     The total sum of One Hundred Fifteen Thousand Five Hundred Fifty Nine Dollars and Thirty Seven Cents ($115,559.37), which is comprised of One Hundred Four Thousand Six Hundred Fifty Dollars and Zero Cents ($104,650.00) in reasonable attorneys' fees and Ten Thousand Nine Hundred Nine Dollars and Thirty Seven Cents ($10,909.37) in reasonable out-of-pocket costs associated with the representation of Claimants in the Action and Arbitration, shall be paid to "Stephan Zouras, LLP" in two (2) installments and shall be reported by Respondents on a Form 1099.  The first

6

such installment shall be for a total of Fifty-seven Thousand Seven Hundred Seventy Nine Dollars and Sixty Eight Cents ($57,779.68) and the second such installment shall be for a total of Fifty-seven Thousand Seven Hundred Seventy Nine Dollars and Sixty Nine Cents ($57,779.69).

D.     If after a period of three (3) weeks starting on November 11, 2020, Claimants' counsel is unable to secure a signature to this Agreement from any of the Claimants, such non-responsive Claimants' claims shall be dismissed from the action without prejudice and such non-responsive Claimants shall forfeit their right to receive any portion of the Settlement Amount.  If the total percentage of the Settlement Amount that is forfeited is equal to or less than ten percent (10%) of the total portion of the Settlement Amount designated to be paid to Claimants (as identified in Paragraphs 3A and 3B of this Agreement), Respondents shall be collectively responsible for paying the forfeited Settlement Amount to a 501(c)(3) charity of Respondents' choosing (the "Charitable Payment") by the same deadlines as to when such portions of the Settlement Amount would have otherwise been due.  If the total percentage of the Settlement Amount that is forfeited is greater than ten percent (10%) of the total Settlement Amount designated to be paid to Claimants (as identified in Paragraphs 3A and 3B of the Agreement), Respondents shall no longer be responsible for paying any forfeited portion of the Settlement Amount and Claimants' counsel will donate 25% of the amount of the forfeited portion of the Settlement Amount to a 501(c)(3) charity of their choosing.  In such an event, Respondents shall only be responsible for any portion of the Settlement Amount scheduled to be paid to a Claimant who has signed the Agreement and any portion of the Settlement Amount approved by the

Court as attorneys' fees and costs, and all other language set forth in this Agreement, including, but not limited to, all release language, shall remain binding.

5.    Respondents agree that they are solely responsible for payment of the employer's share of all payroll taxes on the portions of the Settlement Amount that constitute alleged wages and reported on an IRS tax form W-2.  Respondents also bear sole responsibility for remitting to the appropriate tax authorities all taxes withheld from the payments to Claimants. For their part, Claimants bear sole responsibility for the payment of all other federal, state and local taxes of any type whatsoever, resulting from their receipt of their portion of the Settlement Amount. As to all payments of the Settlement Amount other than the payments that constitute alleged wages, the Claimants each agree to hold Respondents harmless, and indemnify Respondents from any payments any of the Respondents may be required to make to any taxing authority, as a result of the payment of these amounts.

6.    Claimants promise and represent that they will withdraw, with prejudice, any and all outstanding lawsuits, arbitrations, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning the alleged employment of any of the Claimants with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial or arbitral forum against any of the Releasees. Claimants further agree that they will not file any administrative, judicial, or arbitral complaints, charges, lawsuits, arbitrations, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as they acknowledge no valid basis for filing such a claim.  In the event any such complaints, charges, lawsuits, arbitrations, claims, demands or actions are not withdrawn due to circumstances beyond the control of Claimants, Claimants promise and represent

8

that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, arbitrations, claims, demands or actions, and that Claimants will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, arbitration, claim, demand or action dismissed with prejudice. Nothing herein shall prohibit or restrict Claimants from filing a charge of discrimination with, or cooperating with an investigation by the U.S. Equal Employment Opportunity Commission (the "EEOC") or from making any disclosure of information required by law.

7.      Claimants each acknowledge and agree that they have received sufficient consideration as set forth in this Agreement. Claimants expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8.      Claimants each agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any Releasee's workplace, or any Releasee's business practices. In addition, Ryan Sasson and Kim Celic each agree that they shall not make any: (a) statement, written oral or electronic, which in any way disparages Claimants; or (b) negative statement, written, oral or electronic about Claimants. Notwithstanding the provisions of this Paragraph, Claimants, Ryan Sasson, and Kim Celic shall each be entitled to provide truthful statements about their experience litigating this Action and Arbitration, about Claimants' claims in this Action and Arbitration, and about the resolution of this Action and Arbitration.

9.      The Parties agree that, in an action arising from any alleged breach of the Agreement, in addition to any remedies available in law or equity for a breach thereof, the prevailing party as determined by a Court of competent jurisdiction shall be entitled to reasonable attorney's fees and costs.

10.     Claimants each affirm that they are not Medicare or Medicaid Beneficiaries (defined as any claimant for whom Medicare or Medicaid has paid conditional payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on any of the Claimants' behalf by Medicare or Medicaid.

11.     Claimants each further represent that they are not enrolled in a Medicare or Medicaid program and were not enrolled at the time of their respective employment with Releasees or anytime thereafter through the date of this Agreement.  Claimants further represent and warrant that no Medicaid or Medicare payments have been made to or on behalf of Claimants and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Claimant's alleged employment with any of the Releasees.  Claimants further agree that they, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of any of the Claimants as Medicare or Medicaid beneficiaries, Claimants each agree to indemnify Releasees and hold Releasees harmless in full.

12.     The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions,

or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Claimants' claims have merit.

13.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14.    Claimants each acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims.  Claimants acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Claimants each acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Claimants.

15.    The Parties agree that they shall execute any other instruments and/or documents that are necessary to implement this Agreement.

16.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

18.    This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19.    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

20.     Following its approval of this Agreement, the Court will retain jurisdiction to interpret, implement, and enforce the terms of the Parties' settlement and all orders and judgments entered in connection therewith.

21.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, this Agreement may be signed and/or delivered by facsimile or other electronic means (including DocuSign and/or portable document format) by any or all of the Parties. Any electronically executed or scanned copies and facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Respondents, Michael Kaufman, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mkaufman@kdvlaw.com; and counsel for Claimants, Teresa Becvar, Esq. Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606, (312) 233-1550, facsimile (312) 233-1560, tbecvar@stephanzouras.com.

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement and Release Agreement freely and voluntarily.

DocuSigned by:

*Daniel Schur*                                11/10/2020

404F6E7D319E43E...
_____
DANIEL SCHUR

_____
HALTON BAGLEY

_____
NATOSHA ALVES

20.     Following its approval of this Agreement, the Court will retain jurisdiction to interpret, implement, and enforce the terms of the Parties' settlement and all orders and judgments entered in connection therewith.

21.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, this Agreement may be signed and/or delivered by facsimile or other electronic means (including DocuSign and/or portable document format) by any or all of the Parties. Any electronically executed or scanned copies and facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Respondents, Michael Kaufman, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mkaufman@kdvlaw.com; and counsel for Claimants, Teresa Becvar, Esq. Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606, (312) 233-1550, facsimile (312) 233-1560, tbecvar@stephanzouras.com.

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement and Release Agreement freely and voluntarily.

DANIEL SCHUR
_____

*Halton Bagley*                          11/9/2020
_____
HALTON BAGLEY


NATOSHA ALVES
_____

20.    Following its approval of this Agreement, the Court will retain jurisdiction to interpret, implement, and enforce the terms of the Parties' settlement and all orders and judgments entered in connection therewith.

21.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, this Agreement may be signed and/or delivered by facsimile or other electronic means (including DocuSign and/or portable document format) by any or all of the Parties. Any electronically executed or scanned copies and facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Respondents, Michael Kaufman, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mkaufman@kdvlaw.com; and counsel for Claimants, Teresa Becvar, Esq. Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, IL 60606, (312) 233-1550, facsimile (312) 233-1560, tbecvar@stephanzouras.com.

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement and Release Agreement freely and voluntarily.

_____
DANIEL SCHUR


_____
HALTON BAGLEY

DocuSigned by:                                    11/10/2020
_____
447FB8A873254D1...
NATOSHA ALVES

DocuSign Envelope ID: 9C5E4072-53D8-4B9B-AF31-9CCB7A9A3981

DocuSigned by:

*Steven E. Black*    11/15/2020

—40CECD4810224F5...

STEVEN BLACK

_____

MANOLO BORJA

_____

ROBERT BOSCO

_____

ADAM BOWERS

_____

STEPHEN BRODIE

_____

NEAH BROOKS

_____

DENNIS CRIMMINS

_____

GIANFRANCO CUELLO

_____

TRAVIS DiLELLO

_____

SCOTT HIRSHAN

_____

MATTHEW HUNTER

_____

MICHAEL IANNIELLO

_____
STEVEN BLACK


_____    11/10/2020
MANOLO BORJA


_____
ROBERT BOSCO


_____
ADAM BOWERS


_____
STEPHEN BRODIE


_____
NEAH BROOKS


_____
DENNIS CRIMMINS


_____
GIANFRANCO CUELLO


_____
TRAVIS DiLELLO


_____
SCOTT HIRSHAN


_____
MATTHEW HUNTER


_____
MICHAEL IANNIELLO

_____
STEVEN BLACK


_____
MANOLO BORJA

DocuSigned by:

[signature]                                    11/10/2020

178BC0373C784C0
ROBERT BOSCO


_____
ADAM BOWERS


_____
STEPHEN BRODIE


_____
NEAH BROOKS


_____
DENNIS CRIMMINS


_____
GIANFRANCO CUELLO


_____
TRAVIS DiLELLO


_____
SCOTT HIRSHAN


_____
MATTHEW HUNTER


_____
MICHAEL IANNIELLO

_____

STEVEN BLACK


_____

MANOLO BORJA


_____

ROBERT BOSCO

*Adam Bowers*                          11/10/2020
_____

ADAM BOWERS


_____

STEPHEN BRODIE


_____

NEAH BROOKS


_____

DENNIS CRIMMINS


_____

GIANFRANCO CUELLO


_____

TRAVIS DiLELLO


_____

SCOTT HIRSHAN


_____

MATTHEW HUNTER


_____

MICHAEL IANNIELLO

_____

STEVEN BLACK

_____

MANOLO BORJA

_____

ROBERT BOSCO

_____

ADAM BOWERS

DocuSigned by:

*Stephen Brodie*          11/12/2020

6695D116F7CB4B4
_____

STEPHEN BRODIE

_____

NEAH BROOKS

_____

DENNIS CRIMMINS

_____

GIANFRANCO CUELLO

_____

TRAVIS DiLELLO

_____

SCOTT HIRSHAN

_____

MATTHEW HUNTER

_____

MICHAEL IANNIELLO

_____
STEVEN BLACK

_____
MANOLO BORJA

_____
ROBERT BOSCO

_____
ADAM BOWERS

_____
STEPHEN BRODIE

_____    11/11/2020
NEAH BROOKS

_____
DENNIS CRIMMINS

_____
GIANFRANCO CUELLO

_____
TRAVIS DiLELLO

_____
SCOTT HIRSHAN

_____
MATTHEW HUNTER

_____
MICHAEL IANNIELLO

_____
STEVEN BLACK


_____
MANOLO BORJA


_____
ROBERT BOSCO


_____
ADAM BOWERS


_____
STEPHEN BRODIE


_____
NEAH BROOKS

DocuSigned by:

*Dennis Crimmins*                    11/10/2020
30CE53F4D497432
_____
DENNIS CRIMMINS


_____
GIANFRANCO CUELLO


_____
TRAVIS DiLELLO


_____
SCOTT HIRSHAN


_____
MATTHEW HUNTER


_____
MICHAEL IANNIELLO

_____

STEVEN BLACK

_____

MANOLO BORJA

_____

ROBERT BOSCO

_____

ADAM BOWERS

_____

STEPHEN BRODIE

_____

NEAH BROOKS

_____

DENNIS CRIMMINS

DocuSigned by:

*Gianfranco Cuello*          11/10/2020

B19E9EC5EF6442D
_____

GIANFRANCO CUELLO

_____

TRAVIS DiLELLO

_____

SCOTT HIRSHAN

_____

MATTHEW HUNTER

_____

MICHAEL IANNIELLO

_____

STEVEN BLACK

_____

MANOLO BORJA

_____

ROBERT BOSCO

_____

ADAM BOWERS

_____

STEPHEN BRODIE

_____

NEAH BROOKS

_____

DENNIS CRIMMINS

_____

GIANFRANCO CUELLO

_____    11/10/2020
467D69708EEF476

TRAVIS DiLELLO

_____

SCOTT HIRSHAN

_____

MATTHEW HUNTER

_____

MICHAEL IANNIELLO

_____

STEVEN BLACK


_____

MANOLO BORJA


_____

ROBERT BOSCO


_____

ADAM BOWERS


_____

STEPHEN BRODIE


_____

NEAH BROOKS


_____

DENNIS CRIMMINS


_____

GIANFRANCO CUELLO


_____

TRAVIS DiLELLO

*Scott Hirshan*                    11/11/2020
_____
SCOTT HIRSHAN


_____

MATTHEW HUNTER


_____

MICHAEL IANNIELLO

13

_____
STEVEN BLACK


_____
MANOLO BORJA


_____
ROBERT BOSCO


_____
ADAM BOWERS


_____
STEPHEN BRODIE


_____
NEAH BROOKS


_____
DENNIS CRIMMINS


_____
GIANFRANCO CUELLO


_____
TRAVIS DiLELLO


_____
SCOTT HIRSHAN

DocuSigned by:

*MATTHEW HUNTER*     11/17/2020
1A7B6E5095BC430...
_____
MATTHEW HUNTER


_____
MICHAEL IANNIELLO

_____

STEVEN BLACK

_____

MANOLO BORJA

_____

ROBERT BOSCO

_____

ADAM BOWERS

_____

STEPHEN BRODIE

_____

NEAH BROOKS

_____

DENNIS CRIMMINS

_____

GIANFRANCO CUELLO

_____

TRAVIS DiLELLO

_____

SCOTT HIRSHAN

_____

MATTHEW HUNTER

_____

MICHAEL IANNIELLO

DocuSigned by:

9EA4F7EBFB544AC...

11/10/2020

_____
RYAN KERR


_____
IRVIN MOONASSAR


_____
JERRY NOEL


_____
MICHAEL NWEME


_____
JOHN PAPANICOLAOU


_____
RYAN PARKER


_____
ROBERT PURTILL


_____
KENNETH ROTHMAN


_____
JACLYN SMITH


_____
RUBEN SOSA


_____
PHIL STEIN


_____
SAMUEL TANNER

_____

RYAN KERR

_____    11/10/2020

IRVIN MOONASSAR

_____

JERRY NOEL

_____

MICHAEL NWEME

_____

JOHN PAPANICOLAOU

_____

RYAN PARKER

_____

ROBERT PURTILL

_____

KENNETH ROTHMAN

_____

JACLYN SMITH

_____

RUBEN SOSA

_____

PHIL STEIN

_____

SAMUEL TANNER

_____

RYAN KERR


_____

IRVIN MOONASSAR

_Jerry Noel_                                    11/10/2020
1EA6273AD4E741F...
_____

JERRY NOEL


_____

MICHAEL NWEME


_____

JOHN PAPANICOLAOU


_____

RYAN PARKER


_____

ROBERT PURTILL


_____

KENNETH ROTHMAN


_____

JACLYN SMITH


_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER


14

RYAN KERR

IRVIN MOONASSAR

JERRY NOEL

DocuSigned by:

_[signature]_                   11/19/2020

A0CDD61F5FA44SC...

MICHAEL NWEME

JOHN PAPANICOLAOU

RYAN PARKER

ROBERT PURTILL

KENNETH ROTHMAN

JACLYN SMITH

RUBEN SOSA

PHIL STEIN

SAMUEL TANNER

_____

RYAN KERR


_____

IRVIN MOONASSAR


_____

JERRY NOEL


_____

MICHAEL NWEME

DocuSigned by:

C171F6A775E64CE...                    11/16/2020
_____

JOHN PAPANICOLAOU


_____

RYAN PARKER


_____

ROBERT PURTILL


_____

KENNETH ROTHMAN


_____

JACLYN SMITH


_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER

_____

RYAN KERR


_____

IRVIN MOONASSAR


_____

JERRY NOEL


_____

MICHAEL NWEME


_____

JOHN PAPANICOLAOU

_Ryan Parker_          11/10/2020
_____
RYAN PARKER


_____

ROBERT PURTILL


_____

KENNETH ROTHMAN


_____

JACLYN SMITH


_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER

RYAN KERR

IRVIN MOONASSAR

JERRY NOEL

MICHAEL NWEME

JOHN PAPANICOLAOU

RYAN PARKER

*Robert Purtill*    11/12/2020

ROBERT PURTILL

KENNETH ROTHMAN

JACLYN SMITH

RUBEN SOSA

PHIL STEIN

SAMUEL TANNER

14

_____

RYAN KERR


_____

IRVIN MOONASSAR


_____

JERRY NOEL


_____

MICHAEL NWEME


_____

JOHN PAPANICOLAOU


_____

RYAN PARKER


_____

ROBERT PURTILL

DocuSigned by:

_____    11/10/2020

KENNETH ROTHMAN


_____

JACLYN SMITH


_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER


14

_____

RYAN KERR


_____

IRVIN MOONASSAR


_____

JERRY NOEL


_____

MICHAEL NWEME


_____

JOHN PAPANICOLAOU


_____

RYAN PARKER


_____

ROBERT PURTILL


_____

KENNETH ROTHMAN

DocuSigned by:

_[signature]_                                11/13/2020
66CEED55888D413
_____

JACLYN SMITH


_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER

_____

RYAN KERR


_____

IRVIN MOONASSAR


_____

JERRY NOEL


_____

MICHAEL NWEME


_____

JOHN PAPANICOLAOU


_____

RYAN PARKER


_____

ROBERT PURTILL


_____

KENNETH ROTHMAN


_____

JACLYN SMITH

DocuSigned by:

*Ruben Sosa*                                11/10/2020

80BBE423562D47B...

_____

RUBEN SOSA


_____

PHIL STEIN


_____

SAMUEL TANNER

_____
RYAN KERR


_____
IRVIN MOONASSAR


_____
JERRY NOEL


_____
MICHAEL NWEME


_____
JOHN PAPANICOLAOU


_____
RYAN PARKER


_____
ROBERT PURTILL


_____
KENNETH ROTHMAN


_____
JACLYN SMITH


_____
RUBEN SOSA

DocuSigned by:

*Phil Stein*                              11/10/2020

BF12C187D0C04DE...
_____
PHIL STEIN


_____
SAMUEL TANNER

11/13/2020

JOHN TESORIERO

_____

STRATEGIC FINANCIAL SOLUTIONS, LLC
By:
Title:

_____

STRATEGIC CONSULTING, LLC
By:
Title:

_____

RYAN SASSON

_____

KIM CELIC

JOHN TESORIERO

*Ryan Sasson*

STRATEGIC FINANCIAL SOLUTIONS, LLC
By:     Ryan Sasson
Title:  CEO

*Ryan Sasson*

STRATEGIC CONSULTING, LLC
By: Ryan Sasson
Title: CEO

*Ryan Sasson*

RYAN SASSON

*Kimberly Celic*
Kimberly Celic (Dec 12, 2020 16:37 EST)

KIM CELIC

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X         \
DANIEL SCHUR, Individually, and on Behalf of         Case No.: 17-CV-00546 (PGG)
All Others Similarly Situated,

                                  Plaintiff,         **STIPULATION AND ORDER OF
DISMISSAL**

        -against-

STRATEGIC FINANCIAL SOLUTIONS, LLC;
STRATEGIC CONSULTING, LLC; RYAN
SASSON; and KIM CELIC,

                               Defendants.
-----------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED,** by and between Daniel Schur and Halton

Bagley (collectively, the "Plaintiffs") on the one hand, and Strategic Financial Solutions, LLC,

Strategic Consulting, LLC, Ryan Sasson, and Kim Celic (collectively, the "Defendants"), on the

other hand, through their respective undersigned counsel that, whereas no party hereto is an infant or

incompetent person for whom a committee has been appointed, and no person not a party has an

interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure, and this Court having approved the Settlement and Release Agreement

("Settlement Agreement") entered between the Plaintiffs and Defendants, the Class and Collective

Action Complaint in the above-captioned action and all claims alleged therein be dismissed with

prejudice, with each party to bear their own fees and costs.

        Plaintiffs and each additional claimant who opted into the arbitration while the present matter

was stayed, namely Daniel Schur, Halton Bagley, Natosha Alves, Steven Black, Manolo Borja,

Robert Bosco, Adam Bowers, Stephen Brodie, Neah Brooks, Dennis Crimmins, Gianfranco Cuello,

Travis DiLello, Scott Hirshan, Matthew Hunter, Michael Ianniello, Ryan Kerr, Irvin Moonassar,

Jerry Noel, Michael Nweme, John Papanicolaou, Ryan Parker, Robert Purtill, Kenneth Rothman, Jaclyn Smith, Ruben Sosa, Phil Stein, Samuel Tanner, and John Tesoriero, are each precluded from bringing any further claims against Defendants under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in Plaintiffs' Class and Collective Action Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Court expressly retains jurisdiction to enforce the Settlement Agreement, the terms of which are incorporated into this Stipulation and Order.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation and Order may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____, 2020         Dated: _____, 2020

STEPHAN ZOURAS, LLP                    KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____           By: _____
Jim Zouras, Esq.                          Michael Kaufman, Esq.
Teresa Becvar, Esq.                       Matthew Cohen, Esq.
100 N. Riverside Plaza, Suite 2150        135 Crossways Park Drive, Suite 201
Chicago, IL 60606                         Woodbury, New York 11797
(312) 233-1560                            (516) 681-1100
jzouras@stephanzouras.com                 mkaufman@kdvlaw.com
tbecvar@stephanzouras.com                 mcohen@kdvlaw.com
*Attorneys for Plaintiffs*                *Attorneys for Defendants*

**SO ORDERED:**

_____
Hon. Paul G. Gardephe, U.S.D.J.

# EXHIBIT B

PLAN OF ALLOCATION:
LIST OF PAYMENTS FOR EACH CLAIMANT

| | NAME | FIRST INSTALLMENT | | SECOND INSTALLMENT | | SERVICE PAYMENT | | TOTAL CLAIMANT PAYMENT |
| | | W-2 SETTLEMENT SHARE | 1099 SETTLEMENT SHARE | W-2 SETTLEMENT SHARE | 1099 SETTLEMENT SHARE | FIRST INSTALLMENT | SECOND INSTALLMENT | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1. | Daniel Schur | $460.15 | $460.16 | $460.16 | $460.16 | $3,500.00 | $3,500.00 | $ 8,840.63 |
| 2. | Halton Bagley | $169.97 | $169.97 | $169.97 | $169.98 | $3,500.00 | $3,500.00 | $ 7,679.89 |
| 3. | Natosha Alves | $799.86 | $799.86 | $799.85 | $799.86 | n/a | n/a | $ 3,199.43 |
| 4. | Steven Black | $621.91 | $621.91 | $621.90 | $621.91 | n/a | n/a | $ 2,487.63 |
| 5. | Manolo Borja | $440.22 | $440.22 | $440.22 | $440.22 | n/a | n/a | $ 1,760.88 |
| 6. | Robert Bosco | $651.90 | $651.90 | $651.90 | $651.90 | n/a | n/a | $ 2,607.60 |
| 7. | Adam Bowers | $449.61 | $449.62 | $449.61 | $449.62 | n/a | n/a | $ 1,798.46 |
| 8. | Stephen Brodie | $945.23 | $945.24 | $945.23 | $945.24 | n/a | n/a | $ 3,780.94 |
| 9. | Neah Brooks | $76.88 | $76.88 | $76.88 | $76.88 | n/a | n/a | $ 307.52 |
| 10. | Dennis Crimmins | $212.39 | $212.40 | $212.39 | $212.40 | n/a | n/a | $ 849.58 |
| 11. | Gianfranco Cuello | $1,754.22 | $1,754.22 | $1,754.22 | $1,754.22 | n/a | n/a | $ 7,016.88 |
| 12. | Travis DiLello | $662.63 | $662.64 | $662.63 | $662.64 | n/a | n/a | $ 2,650.54 |
| 13. | Scott Hirshan | $1,944.10 | $1,944.11 | $1,944.10 | $1,944.11 | n/a | n/a | $ 7,776.42 |
| 14. | Matt Hunter | $6,399.72 | $6,399.72 | $6,399.72 | $6,399.72 | n/a | n/a | $ 25,598.88 |
| 15. | Michael Ianniello | $351.87 | $351.87 | $351.87 | $351.87 | n/a | n/a | $ 1,407.48 |
| 16. | Ryan Kerr | $1,174.87 | $1,174.87 | $1,174.87 | $1,174.87 | n/a | n/a | $ 4,699.48 |
| 17. | Irvin Moonassar | $629.65 | $629.65 | $629.65 | $629.65 | n/a | n/a | $ 2,518.60 |
| 18. | Jerry Noel | $4,737.14 | $4,737.14 | $4,737.14 | $4,737.14 | n/a | n/a | $ 18,948.56 |
| 19. | Michael Nweme | $585.07 | $585.07 | $585.06 | $585.07 | n/a | n/a | $ 2,340.27 |
| 20. | John Papanicolaou | $1,372.13 | $1,372.14 | $1,372.14 | $1,372.14 | n/a | n/a | $ 5,488.55 |
| 21. | Ryan Parker | $2,634.26 | $2,634.26 | $2,634.26 | $2,634.26 | n/a | n/a | $ 10,537.04 |
| 22. | Robert Purtill | $9,903.23 | $9,903.23 | $9,903.23 | $9,903.23 | n/a | n/a | $ 39,612.92 |
| 23. | Kenneth Rothman | $185.10 | $185.10 | $185.10 | $185.10 | n/a | n/a | $ 740.40 |
| 24. | Jaclyn Smith | $178.70 | $178.71 | $178.71 | $178.71 | n/a | n/a | $ 714.83 |

20

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 25. | Ruben Sosa | $1,707.54 | $1,707.55 | $1,707.54 | $1,707.55 | n/a | n/a | $ 6,830.18 |
| 26. | Phil Stein | $2,482.06 | $2,482.06 | $2,482.06 | $2,482.06 | n/a | n/a | $ 9,928.24 |
| 27. | Samuel Tanner | $64.24 | $64.24 | $64.24 | $64.24 | n/a | n/a | $ 256.96 |
| 28. | John Tesoriero | $765.46 | $765.46 | $765.46 | $765.46 | n/a | n/a | $ 3,061.84 |

21